UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

AKINTOYE LAOYE,

          Plaintiff,

      v.

UNITED STATES,

          Defendant.

Civil Action No. 12-965 (MAS)

MEMORANDUM ORDER

THIS MATTER comes before the Court by motion filed by Plaintiff, Akintoye Laoye, seeking to re-open this case (ECF No. 18), which was dismissed without prejudice in a Memorandum Order issued by this Court on March 12, 2013, (ECF No. 11.), and again by Memorandum Order dated January 30, 2014, after this Court's consideration and dismissal of Plaintiff's Second Amended Complaint. (ECF No. 17.) This motion is being considered on the papers pursuant to Rule 78 of the Federal Rules of Civil Procedure, and it appearing that:

1. On February 17, 2012 and April 18, 2012, Plaintiff filed a Complaint and Amended Complaint asserting only conclusory allegations that false statements and fraud by Bureau of Immigration and Customs Enforcement ("ICE") officers have caused Plaintiff pain and suffering, and damages are warranted. (ECF No. 1, Complaint; ECF No. 2, Amended Complaint.)

2. On March 12, 2013, this Court issued an Order dismissing Plaintiff's action without prejudice. (ECF No. 11.) In that Order, this Court had observed that Plaintiff asserted these same claims in an earlier action, *Laoye v. United States Dep't of Homeland Sec., et al.*, Civil No. 09-1990 (MLC). In a Memorandum Opinion and Order entered on March 16, 2010, the Honorable Mary L. Cooper, U.S.D.J., granted Defendants Motion to Dismiss the action on the

grounds that Plaintiff's claims asserted under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971) and the Federal Tort Claims Act ("FTCA") were time-barred, and no basis for equitable tolling existed. *See Laoye v. United States Dep't of Homeland Sec., et al.*, Civil No. 09-1990 (MLC), 2010 WL 1009891 (D.N.J. Mar. 16, 2010). Judge Cooper also ruled that Plaintiff's request for a "cease and desist" against the ICE was moot due to the fact that Plaintiff's petition for review of the Bureau of Immigration Appeals' final order of removal was denied by the Court of Appeals.[1] *See Laoye*, Civil No. 09-1990 (MLC) (Mem. Op., ECF No. 21).

3. Accordingly, on March 12, 2013, this Court dismissed the Complaint and Amended Complaint filed in this action because Plaintiff failed to assert enough facts to determine whether or not his claims were duplicative of his earlier action, or to show that his claims are facially plausible. The dismissal was without prejudice to Plaintiff filing a Second Amended Complaint within 45 days from the date of entry of the Court's Order. (ECF No. 11.)

4. On June 20, 2013, Plaintiff filed a motion to re-open his case, together with a proposed Second Amended Complaint. (ECF No. 14.) The Second Amended Complaint generally alleged continuing torts by ICE officers, namely perjury, false statements, malicious prosecution and personal injury, since March 2011 through 2013, that allegedly "have no bearings [sic] on his case from 2010." (ECF No. 14-1, Second Amended Complaint at 1.) Plaintiff asserted his action under the FCTA.

5. In a Memorandum Order issued on January 30, 2014, this Court found that the Second Amended Complaint lacked sufficient factual allegations to show that Plaintiff's general tort claims are facially plausible. The Court determined that the Second Amended Complaint was

---

[1] The United States Court of Appeals for the Third Circuit affirmed Judge Cooper's ruling in an Opinion filed on October 4, 2010. *See Laoye*, Civil No. 09-1990 (MLC)(ECF No. 30-1).

wholly conclusory and subject to dismissal under *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). Moreover, the Court noted that Plaintiff's Second Amended Complaint also was subject to dismissal because Plaintiff failed to allege any facts that he had satisfied the jurisdictional notice requirements of the FTCA before bringing this lawsuit.[2] Accordingly, the Second Amended Complaint was dismissed without prejudice to Plaintiff filing an amended complaint alleging facts to show that he had satisfied the jurisdictional notice requirements under the FTCA. (*See* ECF No. 17.)

6. On March 18, 2014, Plaintiff filed this motion to re-open his case. (ECF No. 18.) He requested additional time to file a Third Amended Complaint, which he then filed on May 13, 2014. (ECF No. 21.) Accordingly, this Court will direct the Clerk of the Court to re-open this case for consideration of Plaintiff's Third Amended Complaint.

7. Because Plaintiff is proceeding as an indigent in this matter, the Court must review the Third Amended Complaint pursuant to 28 U.S.C. § 1915(e)(2) to determine whether the amended pleading should be dismissed as frivolous or malicious, for failure to state a claim upon

---

[2] As a jurisdictional prerequisite to filing certain types of civil suits against federal agents the FTCA requires a claimant to place the government on notice, within ninety days of the accrual of such claim. 28 U.S.C.A. § 1346(b) *et seq.* The FTCA provides that, to exhaust a claim, a claimant "shall," before filing a lawsuit, "present[ ] the claim to the appropriate Federal agency." *See* 28 U.S.C. § 2675(a). The purpose of this requirement is to ensure that the relevant agency has notice of the claim, so that "it may investigate the claim and respond either by settlement or by defense." *Martin v. Unknown U.S. Marshals*, --- F. Supp.2d ----, 2013 WL 4431789, *24 (D.N.J. Aug. 15, 2013) (quoting *Tucker v. U.S.P.S.*, 676 F.2d 954, 958 (3d Cir.1982)). The Attorney General has promulgated regulations that govern the presentation of administrative claims under 28 U.S.C. § 2675(a); among them is 28 C.F.R. § 14.2, which provides:

> For the purposes of the provisions of 28 U.S.C. 2401(b), 2672, and 2675, a claim shall be deemed to have been presented when a Federal agency receives from a claimant ... an executed Standard Form 95 or other written notification of an accident, accompanied by a claim for money damages in a sum certain for injury to or loss of property, personal injury, or death alleged to have occurred by reason of the incident....

28 C.F.R. § 14.2(a) (emphasis added). These FTCA requirements are "strictly construed." *Martin, supra* (quoting *Livera v. First Nat'l Bank of N.J.*, 879 F.2d 1186, 1194 (3d Cir. 1989)).

which relief may be granted, or because it seeks monetary relief from a defendant who is immune from such relief.

8. The Court finds that Plaintiff's latest amendment again fails to allege any facts to show that Plaintiff satisfied the jurisdictional notice requirements under the FTCA before filing his lawsuit. The third amendment also makes broad and conclusory allegations as to his general tort claims of fraud, negligence, etc., without providing any specific facts in support of his general claims. Plaintiff has been afforded three opportunities to cure the deficiencies of his pleading as directed, and he has been unable to do so. Therefore, the Third Amended Complaint is dismissed with prejudice.

9. The Court further notes that Plaintiff is attempting to add a new claim that alleges denial of medical care in February 2014. He attaches to his Third Amended Complaint, a January 20, 2014 letter from Michael A. Steinle, DMD advising that Plaintiff was scheduled for corrective jaw surgery on February 11, 2014 and that Plaintiff needed to have his electronic monitoring device removed before surgery. (ECF No. 21 at page 11.) Plaintiff also attaches his February 13, 2014 letter addressed to the Office of Inspector General complaining that the ICE agents never responded to Dr. Steinle's letter.[3] (ECF No. 21 at pages 12-15.) Plaintiff's letter then reiterates his general allegations previously made in his Second Amended Complaint. Plaintiff's new denial of medical care claim clearly is unrelated to Plaintiff's FTCA claims of continuing torts by ICE officers, namely perjury, false statements, malicious prosecution and personal injury, allegedly occurring from March 2011 through 2013.

10. Because Plaintiff's new claim is wholly unrelated to the present action, and the present action is dismissed with prejudice, the new claim shall be severed from this action and

---

[3] Plaintiff also seeks to add his wife as a Plaintiff in his new claim. (ECF No. 21 at pages 12-15.)

4

Plaintiff must file a new and separate complaint should he wish to pursue the severed claim. The Court does not address the merits of Plaintiff's new claim here.

THEREFORE, BASED ON THE FOREGOING,

IT IS ON THIS 30 day of May, 2014

ORDERED that Plaintiff's motion to re-open this case (ECF No. 18) is GRANTED, and the Clerk of the Court shall re-open this matter for consideration of Plaintiff's Third Amended Complaint (ECF No. 21); and it is further

ORDERED that Plaintiff's Third Amended Complaint is hereby DISMISSED WITH PREJUDICE, for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii); and it is further

ORDERED that Plaintiff's unrelated claim asserting denial of medical care occurring in February 2014 is severed from this action without prejudice to Plaintiff filing a new and separate lawsuit based on this claim; and it is finally

ORDERED that the Clerk of the Court shall serve this Order on Petitioner by regular mail and shall close this matter accordingly..

_____
MICHAEL A. SHIPP
United States District Judge

5